Thomas H. Vidal (State Bar No. 204432)
*tvidal@pryorcashman.com*
Benjamin S. Akley (State Bar No. 278506)
*bakley@pryorcashman.com*
**PRYOR CASHMAN LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile:  (310) 943-3397

Jeffrey L. Snow (*pro hac vice application forthcoming*)
*jsnow@pryorcashman.com*
Joseph V. Micali (p*ro hac vice application forthcoming*)
*jmicali@pryorcashman.com*
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Facsimile:  (212) 798-6307

*Attorneys for Defendant*
ASPIRO AB

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLUE SPIKE LLC,<br><br>  Plaintiff,<br><br>  vs.<br><br>ASPIRO AB,<br><br>  Defendant. | Case No. 2:18-cv-05026-JAK (JPR)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12**<br>[Declaration of Lior Tibon and Proposed Order filed concurrently]<br><br><u>Hearing</u><br>Date:  November 19, 2018<br>Time: 8:30 a.m.<br>Courtroom: 10B |

*(left margin, rotated)* **Pryor Cashman LLP** 1801 Century Park East, 24th Floor Los Angeles, California 90067 Telephone: (310) 683-6900 Facsimile: (310) 943-3397

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on November 19, 2018, at 8:30 a.m., or as soon thereafter as this matter may be heard before the Honorable John A. Kronstadt of the above-entitled Court, located at 350 W. First Street, Los Angeles, California 90012, Courtroom 10B, Defendant Aspiro AB, will and hereby does move this Court for an order dismissing the Complaint of Plaintiff Blue Spike LLC ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(2), (3), (5), and (6) on the following grounds:

    (i)    Plaintiff failed to properly serve process on Aspiro AB;

    (ii)   this Court lacks personal jurisdiction over Aspiro AB; and

    (iv)   the Complaint fails to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Lior Tibon and the exhibits annexed thereto, all other pleadings and papers on file herein, all other matters of which the Court may take judicial notice, and such other or further material as may be presented at or before the hearing on the Motion.

This Motion is made following the conference of counsel pursuant to C.D. Cal. Local Rule 7-3 which took place on July 25, 2018.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

# PRYOR CASHMAN LLP

Dated: July 30, 2018          By:     */s/ Thomas H. Vidal*

Thomas H. Vidal
*tvidal@pryorcashman.com*
Benjamin S. Akley
*bakley@pryorcashman.com*
Jeffrey L. Snow
*jsnow@pryorcashman.com*
Joseph V. Micali
*jmicali@pryorcashman.com*

*Attorneys for Defendant*
ASPIRO AB

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. iii

I.   INTRODUCTION ..................................................................................... 1

II.  STATEMENT OF FACTS ......................................................................... 2

    A.   General allegations of the Complaint ............................................. 2

    B.   Allegations regarding personal jurisdiction, venue, and service of
         process ............................................................................................ 2

    C.   Facts regarding personal jurisdiction, venue, and service of
         process ............................................................................................ 3

    D.   Allegations regarding Aspiro AB's alleged patent infringement ............ 4

        1.   Allegations of direct infringement ........................................... 4

        2.   Allegations of indirect infringement ........................................ 5

        3.   Allegations of induced infringement ........................................ 5

        4.   Allegations of contributory infringement ................................. 6

        5.   Allegations of willful conduct ................................................. 6

        6.   Allegations regarding the Accused Products/Services .................... 6

III. ARGUMENT ........................................................................................... 7

    A.   Aspiro AB was not served with the Complaint ................................ 7

    B.   This Court lacks personal jurisdiction over Aspiro AB ........................ 9

        1.   The Court does not have general personal jurisdiction over
             Aspiro AB ......................................................................... 10

        2.   The Court Does not have specific personal jurisdiction over
             Aspiro AB ......................................................................... 11

            a)   *Aspiro AB has not purposefully directed activities to
                 California* ................................................................. 13

            b)   *Plaintiff's claims do not arise from any activity by Aspiro
                 AB in California* ......................................................... 14

            c)   *Exercise of jurisdiction over Aspiro AB would be
                 unreasonable* ............................................................. 14

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

3.   The Court does not have specific personal jurisdiction over Aspiro AB under FRCP 4(k)(2) ................................................ 17

C.   The Complaint fails to state facts sufficient to support a claim for patent infringement ................................................................... 17

1.   The Ninth Circuit uses a two-step process to evaluate the Complaint .............................................................................. 17

2.   The Complaint does not state a claim for direct infringement because it fails to articulate why it is plausible that Aspiro AB's products and services infringe the Patents-in-Suit ........................................... 19

3.   The Complaint fails to state a plausible claim for indirect infringement, inducement, or contributory infringement ............... 21

a)   *The indirect infringement claims do not meet the pleading standard because the Complaint fails to allege a plausible claim of direct infringement* ................................ 22

b)   *The inducement and contributory infringement claims should be dismissed because there are no facts pleaded* ......... 22

4.   The willful infringement claims fail because they do not contain sufficient factual matter to state a claim that is plausible on its face ............................................................................... 23

IV.   CONCLUSION ..................................................................... 25

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

1

# TABLE OF AUTHORITIES

2  **CASES**                                                               **PAGE(s)**

3  *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*,

4     501 F.3d 1307 (Fed. Cir. 2007)...............................................................22

5  *Amoco Egypt Oil Co. v. Leonis Nav. Co.*,

6     1 F.3d 848 (9th Cir. 1993)..............................................................10, 15

7  *Apollo Fin., LLC v. Cisco Sys.*,

8     190 F. Supp. 3d 939 (C.D. Cal. 2016)............................................19

9  *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*,

10     480 U.S. 102 (1987).........................................................................15

11  *Ashcroft v. Iqbal*,

12     556 U.S. 662 (2009).................................................................*passim*

13  *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*,

14     223 F.3d 1082 (9th Cir. 2000).......................................................13

15  *Bell Atlantic Corp. v. Twombly*,

16     550 U.S. 544 (2007).................................................................*passim*

17  *Benny v. Pipes*,

   799 F.2d 489 (9th Cir. 1986), *amended by* 807 F.2d 1514 (9th Cir. 1987)..........8

18  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,

19     681 F.3d 1333 (Fed. Cir. 2012)....................................21, 22, 23

20  *Blue Spike LLC v. Texas Instruments, Inc.*,

21     Case No. 6:12-cv-499, Dkt. No. 1646 (E.D. Tex. July 22, 2014) ...................24

22  *BMC Res., Inc. v. Paymentech, L.P.*,

23     498 F.3d 1373 (Fed. Cir. 2007).................................................24

24  *Brand v. Menlove Dodge*,

25     796 F.2d 1070 (9th Cir. 1986)...............................................10, 11

26  *Brayton Purcell LLP v. Recordon & Recordon*,

27     606 F.3d 1124 (9th Cir. 2010).....................................................13

28

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

## CASES                                                   PAGE(s)

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*,
   137 S. Ct. 1773 (2017)...................................................................10, 12

*Brockmeyer v. May*,
   383 F.3d 798 (9th Cir. 2004) ...................................................................8

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985).................................................................................12

*Calder v. Jones*,
   465 U.S. 783 (1984).................................................................................13

*Cannarella v. Volvo Car United States LLC*,
   No. CV 16-6195-RSWL-JEMx, 2016 U.S. Dist. LEXIS 192449
   (C.D. Cal. 2016) ........................................................................ 22, 23, 24

*Caruth v. Int'l Psychoanalytical Ass'n*,
   59 F.3d 126 (9th Cir. 1995) ...................................................................16

*Commer. Copy Innovations, Inc. v. Ricoh Elecs., Inc.*,
   2017 U.S. Dist. LEXIS 219052 (C.D. Cal. 2017)....................................24

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) .............................................................................10

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,
   840 F.2d 685 (9th Cir. 1988) ...............................................................7-8

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
   888 F.3d 1256 (2018)..............................................................................21

*Doe v. Unocal Corp.*,
   248 F.3d 915 (9th Cir. 2001) .............................................................. 9, 13

*Dole Food Co. v. Watts*,
   303 F.3d 1104 (9th Cir. 2002)................................................................12

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
   751 F.3d 990 (9th Cir. 2014) .................................................................18

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

## **CASES**                                                                      **PAGE(s)**

*e.Digital Corp. v. iBaby Labs, Inc.*,
  No. 15-5790, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016) ........................ 19

*Enlink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.*,
  No. C 09-03524, 2010 WL 1221861 (N.D. Cal. Mar. 24, 2010) ............... 22-23

*Enthone Inc. v. BASF Corp.*,
  126 F. Supp. 3d 281 (N.D.N.Y. 2015) ........................................................ 23

*Fields v. Sedgwick Associated Risks, Ltd.*,
  796 F.2d 299 (9th Cir. 1986) ..................................................................... 15

*FootBalance System Inc. v. Zero Gravity Inside, Inc.*,
  No. 15-1058, 2016 WL 903681 (S.D. Cal. Feb. 8, 2016) .............................. 19

*Fujitsu, Ltd. v. Netgear, Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010) .................................................................. 23

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) .................................................................................. 10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) .................................................................................. 10

*Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*,
  485 F.3d 450 (9th Cir. 2007) ..................................................................... 17

*Int'l Pulp Equip. Co. v. St. Regis Kraft Co.*,
  54 F. Supp. 745 (D. Del. 1944) ................................................................... 8

*Kirkhill Aircraft Parts Co. v. Aircraft Sys. Div. of Com-Jet Corp.*,
  No. 16-CV-0811-DOC(DFMx), 2016 WL 10842585
  (C.D. Cal. Aug. 3, 2016) ............................................................................. 9

*In re Krafft-Murphy Co.*,
  82 A.3d 696 (Del. 2013) .............................................................................. 8

*Levitt v. Yelp! Inc.*,
  765 F.3d 1123 (9th Cir. 2014) .................................................................... 18

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

**CASES**                                                                          **PAGE(s)**

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
    134 S. Ct. 2111 (2014)...................................................................................22

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
    647 F.3d 1218 (9th Cir. 2011).....................................................................11

*North Star Innovations, Inc. v. Kingston Tech. Co.*,
    No. SACV 17-01833-DOC(DFMx), 2018 U.S. Dist. LEXIS 106018
    (C.D. Cal. May 7, 2018) ...................................................................19, 20, 21

*Panavision Int'l, L.P. v. Toeppen*,
    141 F.3d 1316 (9th Cir. 1998)......................................................................16

*Proxyconn Inc. v. Microsoft Corp.*,
    No. SACV 11-1681 DOC(ANx), 2012 U.S. Dist. LEXIS 70614
    (C.D. Cal. May 16, 2012)..............................................................................19

*Rano v. Sipa Press, Inc.*,
    987 F.2d 580 (9th Cir. 1993) .......................................................................15

*Roth v. Garcia Marquez*,
    942 F.2d 617 (9th Cir. 1991) .......................................................................16

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ...............................................................*passim*

*S.H. Silver Co. v. David Morris Int'l*,
    No. C08-03550 CRB, 2008 U.S. Dist. LEXIS 116989
    (N.D. Cal. Aug. 28, 2008)............................................................................15

*Scott v. Breeland*,
    792 F.2d 925 (9th Cir. 1986) ...................................................................9, 10

*Solis v. City of Fresno*,
    No. 1:11-CV-00053 AWI GSA, 2012 U.S. Dist. LEXIS 33548
    (E.D. Cal. 2012) .....................................................................................24-25

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) .........................................................................9

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

**CASES**                                                                    **PAGE(s)**

*Tarantino v. Gawker Media, LLC*,
   No. CV 14-603-JFW(FFMx), 2014 U.S. Dist. LEXIS 77726
   (C.D. Cal. 2014) ......................................................................24

*TeleSign Corp. v. Twilio, Inc.*,
   No. CV 16-2106 PSG(Ssx), 2016 U.S. Dist. LEXIS 123516, 2016 WL 4703873
   (C.D. Cal. Aug. 3, 2016)..................................................18, 19

*Terracom v. Valley Nat'l Bank*,
   49 F.3d 555 (9th Cir. 1995) ..........................................................14

*Tilikum ex rel. People for the Ethical Treatment of Animals, Inc. v. Sea World*
   *Parks & Entm't, Inc.*,
   842 F. Supp. 2d 1259 (S.D. Cal. 2012).........................................18

*United States ex rel. Landis v. Tailwind Sports Corp.*,
   51 F. Supp. 3d 9 (D. D.C. 2014).....................................................8

*W. Mining Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981) ........................................................18

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014)..................................................11, 12, 13

*Weyer v. MySpace, Inc.*,
   2010 U.S. Dist. LEXIS 144008 (C.D. Cal. June 17, 2010).........22, 24

*Ziptronix, Inc. v. Omnivision Techs., Inc.*,
   No. C 10-5525 SBA, 2011 WL 5416187 (N.D. Cal. Nov. 7, 2011) ...............22

**STATUTES**

28 U.S.C. §1391(b)...................................................................3

28 U.S.C. §1391(c)...................................................................3

28 U.S.C. §1400(b)...................................................................3

35 U.S.C. § 271 ...............................................................4, 5, 23

35 U.S.C. § 271(b)...................................................................5

35 U.S.C. § 271(c)..................................................................23

1

## STATUTES                                                              PAGE(s)

2

Del. Code. Ann. tit. 8, §278................................................................. 8, 9

3

## RULES AND REGULATIONS

4

Fed. R. Civ. P. 4 ................................................................................ 8

5

Fed. R. Civ. P. 4(k)(2) ..................................................................... 17

6

Fed. R. Civ. P. 4(k)(2)(A) ................................................................ 17

7

Fed. R. Civ. P. 8 .............................................................................. 17

8

Fed. R. Civ. P. 8(a)(2) ..................................................................... 17

9

Fed. R. Civ. P. 12(b)(2) ................................................................... 17

10

Fed. R. Civ. P. 12(b)(5) ..................................................................... 9

11

12

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The defects that occasion this motion are legion.  First, the complaint has not ever been served on Defendant Aspiro AB.  Plaintiff did not serve Aspiro AB (a Swedish entity) but a dissolved Delaware corporation that was formerly-registered in California known as Aspiro Inc.  The California registration was surrendered in 2008 and the Delaware corporation was dissolved about four years before the Complaint in this action was ever filed.  Through a quirk of California law, an entity can be served through its subsidiaries, but Aspiro Inc. is not an existing entity, and thus, certainly not a subsidiary.

Second, Plaintiff filed the lawsuit here in the Central District of California, but this Court does not have personal jurisdiction over Aspiro AB.  Aspiro AB has no presence in California, does not have employees in California, and does not direct its services to California.  Personal jurisdiction for Aspiro AB is likely solely found in the United States District Court for the Southern District of New York.  Aspiro AB has agents in that district and the terms of service with its customers base jurisdiction in the State of New York.  There is certainly no basis for this litigation to be based in California, as Plaintiff is not even a resident of California.

Third, Plaintiff failed to plead the claims asserted in the Complaint adequately under *Iqbal* and *Twombly*, as they have been interpreted in patent cases.  Namely, the direct infringement claims fail to provide factual allegations allowing the Court to infer that the allegedly infringing product, service, or device "embod[ies] or practice[s] each and every element of any one of the asserted claims." Plaintiff has not alleged any aspect of Aspiro AB's products and services that infringe any claim of Plaintiff's patents.  It is clear the Complaint was a poor copy-and-paste job from another Complaint as it references technologies and products that do not relate to any service that Aspiro AB offers or that Aspiro AB even uses.

The indirect infringement, inducement, and contributory infringement claims

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

fail because Plaintiff did not allege a plausible claim for direct infringement. They also fail because Plaintiff has failed to plead specific intent necessary for inducement, and because Plaintiff has failed to allege with plausibility each of the elements of contributory infringement. For example, Plaintiff has failed to allege that the allegedly infringing services are a material part of the invention that are the Patents-in-Suit.

The Complaint and its service are thus defective. Consequently, it should be dismissed for want of service, for lack of personal jurisdiction, and for failure to plead facts that taken as true suggest an entitlement to relief such that it is not unfair to require Aspiro AB to be subjected to the exceedingly high expense of discovery in this patent action and continued litigation.

## II.   STATEMENT OF FACTS

### A.   General allegations of the Complaint.

Plaintiff claims to be a "practicing entity" that is the assignee of the exclusive licensee of five United States patents related to providing "pre-release tracking technology for audio…" (Complaint ¶¶2, 9). Plaintiff alleges that Aspiro AB "makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe" Plaintiff's patents, "including, but not limited to, [Aspiro AB's] TIDAL music services and products" through the tidal.com wesbsite. (Complaint ¶16, Figs. 1-2). Based on the above, Plaintiff alleges in almost completely identical, vague counts that Apiro AB's foregoing conduct constituted direct, indirect, induced, and contributory infringement of all five of Plaintiff's patents and that Aspiro AB's conduct was wilfull. (Complaint ¶¶19-148). Plaintiff seeks, at a minimum, $50 million in damages.

### B.   Allegations regarding personal jurisdiction, venue, and service of process.

The Complaint concedes that Aspiro AB is a Swedish company. (Complaint ¶3). However, the Complaint alleges that Aspiro AB can be and was served through

a purported "general manager and wholly-owned subsidiary, Aspiro, Inc.," allegedly a Delaware corporation with a place of business in San Francisco. (*Id.*). Plaintiff claims that venue is appropriate in this district 28 U.S.C. §§1391(b)-(c), 1400(b) because Aspiro AB "has a regular and established place of business in this District." (Complaint ¶5).   Plaintiff further claims, without providing any supporting details, the following bases of this Court's personal jurisdiction over Aspiro AB:

> (1) Defendant has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District; (2) Defendant regularly does business or solicits business in this District; (3) Defendant engages in other persistent courses of conduct and derives substantial revenue by its offering of infringing products and services and providing infringing products and services in this District; and (4) Defendant has purposefully established substantial, systematic, and continuous contacts with this District and should reasonably expect to be haled into court here by its offering of infringing products and services and providing infringing products and services in this District.

(Complaint ¶6).

## C.   Facts regarding personal jurisdiction, venue, and service of process.

Aspiro AB is company organized and duly existing under the laws of Sweden. (Declaration of Lior Tibon dated July 30, 2018 ("Decl." ¶3).   Aspiro AB does not have any offices or employees in California, or have any bank accounts in California. (Decl. ¶4). Aspiro AB also does not have an agent for service of process in California, does not own real or personal property in California, does not rent property in California, and does not have any telephone number or mailing address in California. (Decl. ¶5). Aspiro AB also does not direct any of its products or services at California. (Decl. ¶6).

In 1998, Aspiro Inc. was formed in Delaware ("Aspiro Inc. DE") and subsequently, in 2000, registered to do business in California  (Decl. ¶7).  Aspiro Inc. DE surrendered its California business registration in 2008, and at that time

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

Aspiro Inc. DE expressly "revoke[d] its designation of agent for service of process in California." (Decl. ¶8, Ex. 1). Aspiro Inc. DE was dissolved in Delaware as of April 15, 2014. (Decl. ¶9, Ex. 2).

### D.    Allegations regarding Aspiro AB's alleged patent infringement.

Plaintiff asserts five counts of patent infringement. The allegations from Count 1 that Aspiro AB infringes directly, indirectly, by inducement, or contributorily are set forth below. All of the other four counts are identical, except for the patent number and the representative claim language. (*See also* Compl. ¶¶ 51, 77, and 103, and 129, respectively for Counts 2 – 5.)

### 1.    Allegations of direct infringement.

Count 1 alleges direct infringement, in pertinent part, as follows.

Without a license or permission from Blue Spike, Defendant has infringed and continues to infringe on one or more claims of the '116 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products and Services, in violation of 35 U.S.C. § 271.

* * *

Defendant makes, uses, offers for sale and sells in the U.S. the Accused Products and Services which practice all the elements of the '116 Patent.

* * *

Defendant makes, uses, offers for sale and sells in the U.S. the Accused Products and Services which institute trusted transactions between at least two parties, Defendant and customer, who have agreed to transact and allow the customer to access, download, and play music. See Exhibits 1 & A.

(Compl. at 9:16 – 10:16.)

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

2. <u>Allegations of indirect infringement.</u>

Count 1 alleges indirect infringement, in pertinent part, as follows.

Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '116 Patent in this State, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing services for use in systems that fall within the scope of one or more claims of the '116 Patent. Such products include, without limitation, one or more of the Accused Products and Services. By making, using, importing offering for sale, and/or selling such, Defendant injured Blue Spike and is thus liable to Blue Spike for infringement of the '116 Patent under 35 U.S.C. § 271.

Defendant actively induces infringement under Title 35 U.S.C. § 271(b). Defendant performed actions that induced infringing acts that Defendant knew or should have known would induce actual infringements.

\* \* \*

Defendant took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner.

(Compl. at 10:18 – 11:26.)

3. <u>Allegations of induced infringement.</u>

Count 1 alleges induced infringement, in pertinent part, as follows.

Defendant induces infringement of its customers, who use the infringing functionality, and its partners and resellers, who offer for sale and sell the Accused Products and Services.

Defendant induces end users of the Accused Products and Services to infringe. Defendant induces its customers to infringe at the very least by providing information on how to access the Internet via its router system.

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

Defendant also provides customers other incentives to use the infringing services, such as premium services. See Exhibit A….

(Compl. at 12:13 – 12:22.)

### 4.   Allegations of contributory infringement.

Count 1 alleges contributory infringement, in pertinent part, as follows: "In addition to proving an act of direct infringement, plaintiff contends that defendant knew that the combination for which its components were especially made was both patented and infringing." (Compl. at 13:22-25.) The Complaint further alleges that "Defendant contributed to the infringement by providing the Accused Products and Services to its customers, partners and resellers." (Compl. at 14:5-6.) Finally, Plaintiff alleges that the "accused functionality in the Accused Products and Services has no substantial non-infringing uses."

### 5.   Allegations of willful conduct.

Count 1 further accuses Aspiro AB—on information and belief—of willful infringement. (Compl. at 14:25 – 15:10.) The Complaint alleges a series of categories of events, such as the filing of the Complaint in this Action, that allegedly gave rise to Blue Spike's knowledge. (*Id.*)

### 6.   Allegations regarding the Accused Products/Services.

The Complaint does not identify those features of the Accused Products/Accused Services that are alleged to infringe the Patents-in-Suit. The Complaint offers only the following details about the Accused Products, none of which describe any of the features of the Accused Devices/Accused Products that are alleged to infringe the Patents-in-Suit.

- "Defendant makes, uses, offers for sale and sells in the U.S. products, systems, and/or services that infringe the Patents-in-Suit, including, but not limited to, its TIDAL music services and products ("Accused Products and Services")." (Compl. at 7:8-28.)

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

- The complaint includes a screen shot from Aspiro's Tidal website that presents to the viewer the name of the service ("Tidal"), the type of service ("high fidelity streaming"), the platforms on which the service is available (all systems), what appears to be a button to start a free trial, a description of the services[1], social media logos, and the company offering the service ("Aspiro AB"). (Compl. at 7:12-28.)

- The complaint includes a second screen shot from Aspiro's Tidal website that presents the options for selecting a subscription plan with two options: Tidal Premium (standard sound quality and other features) and Tidal HiFi (lossless high fidelity sound quality, with other features). (Compl. at 8:1-18.) The screenshot also presents options for family plans, student plans, and military plans; it presents a link to the Tidal FAQ page, finally, it defines the Tidal service and informs viewers that HiFi does work with mobile bandwidth.

- Defendant has not sought or obtained a license for any of Blue Spike's patented technologies. This creates a competitive disadvantage to other Companies, like Apple, Acer, Dell, IBM, Samsung, and Sony to name some large companies, who recognized the value and novelty Blue Spike's patents provide to society. (Compl. at 8:18-22.)

## III. **ARGUMENT**

### A. **Aspiro AB was not served with the Complaint**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation

---

[1] "Seamless listening across mobile, tablet, desktop and network players. Enjoy lossless music streaming on Apple devices from iPhone, iPad and iPod to Mac, as well as on PC and Android systems. Plus integration in a wide range of high fidelity network players."

omitted). "[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction . . . " absent substantial compliance with FRCP 4. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended by* 807 F.2d 1514 (9th Cir. 1987) (citation omitted). As with challenges to personal jurisdiction and venue, when the sufficiency of service of process is challenged the "plaintiff[] bear[s] the burden of establishing that service was valid . . . " *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted).

In this case Plaintiff purports to have served the Complaint in this Action upon Aspiro AB "c/o Aspiro Inc." (*i.e.* Aspiro Inc. DE) by serving the Corporation Trust Company (a registered agent for the service of process) in Wilmington, Delaware. (Dkt. 11). Plaintiff alleges in the Complaint that service upon Aspiro Inc. DE is appropriate because Aspiro Inc. DE is the "general manager and wholly-owned subsidiary" of Aspiro AB. (Complaint ¶3).

Plaintiff is incorrect for two reasons, both of which hinge upon the fact that Aspiro Inc. DE is and has been dissolved since April 15, 2014. First, because Aspiro Inc. DE is dissolved, Plaintiff's service of process upon Aspiro Inc. DE's former registered agent (the Corporation Trust Company) was deficient as a matter of law because a "resident agent's power to accept [service of process] is terminated by…dissolution." *United States ex rel. Landis v. Tailwind Sports Corp.*, 51 F. Supp. 3d 9, 32 (D. D.C. 2014) (quoting *Int'l Pulp Equip. Co. v. St. Regis Kraft Co.*, 54 F. Supp. 745, 746 (D. Del. 1944)).

Second, because Aspiro Inc. DE was dissolved over four years ago, its corporate existence for any purpose has ceased as a matter of Delaware statutory law. *See* Del. Code Ann. tit. 8, § 278 ("All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution…"); *see In re Krafft-Murphy Co.*, 82 A.3d 696, 710 (Del. 2013) ("After the expiration of §278's three year winding-up period, the dissolved Corporation cease[s] to exist as a 'body corporate,' and los[es] the power to conduct its own affairs.") (citations omitted). Accordingly,

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

it is impossible that Aspiro Inc. DE has been operating as or can be considered Aspiro AB's "general manager" for the purpose of service of process upon Aspiro AB.[2]

Accordingly, Plaintiff's purported service of process upon Aspiro AB was not sufficient and this Action therefore should be dismissed pursuant to FRCP 12(b)(5).

### B.   This Court lacks personal jurisdiction over Aspiro AB.

Plaintiff bears the burden of establishing that the Court has personal jurisdiction over Aspiro AB. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Plaintiff must make a prima facie showing of jurisdictional facts in order to withstand a Rule 12(b)(2) motion, and cannot "simply rest on the bare allegations of its complaint." *Id.* (citation & quotations omitted); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) ("mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden") (citations omitted). Also, "[c]ourts may consider evidence presented in affidavits and declarations in determining personal jurisdiction." *Kirkhill Aircraft Parts Co. v. Aircraft Sys. Div. of Com-Jet Corp.*, No. 16-CV-0811-DOC (DFMx), 2016 WL 10842585, at *2 (C.D. Cal. Aug. 3, 2016), citing *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). In fact, "[i]f the defendant adduces evidence controverting the allegations [in plaintiff's complaint], the plaintiff must 'come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" *Id.*, quoting *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

---

[2] Indeed, service upon Aspiro Inc. DE as a "general manager" of Aspiro AB would not have been proper even within the three-year period after Aspiro Inc. DE's dissolution because the three-year winding up period expressly excludes the dissolved corporation from "continuing the business for which the corporation was organized." Del. Code Ann. tit. 8, §278. Nevertheless, because four years have elapsed, the distinction between permissible and impermissible post-dissolution activity is irrelevant.

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

The exercise of personal jurisdiction over a nonresident defendant requires that the defendant "have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d 800 (citation omitted). "Applying the 'minimum contacts' analysis, a court may obtain either general or specific jurisdiction over a defendant." *Doe*, 248 F.3d at 923.   It is unclear from the Complaint whether Plaintiff alleges general or specific person jurisdiction over Aspiro AB, or both, so both theories are analyzed and repudiated below.

        1.    <u>The Court does not have general personal jurisdiction over Aspiro AB.</u>

"General personal jurisdiction, which enables a court to hear cases unrelated to the defendant's forum activities, exists if the defendant has 'substantial' or 'continuous and systematic' contacts with the forum state." *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986), citing, *inter alia*, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)); *see also Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (contacts must be "constant and pervasive" for general jurisdiction) (citations omitted); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (same). "This is an exacting standard, as it should be," *Schwarzenegger*, 374 F.3d at 801, and is so rigorous that the Ninth Circuit "regularly ha[s] declined to find general jurisdiction even where the contacts were quite extensive." *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n.3 (9th Cir. 1993) (citing cases). "For an individual, the paradigm forum for the exercise of [personal] jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017); *see also Bauman*, 134 S. Ct. at 760 (A corporation's place of incorporation and principal place of business are the paradigmatic bases for general jurisdiction) (citations & quotations omitted).

Here, Plaintiff's allegations are conclusory and lacking any detail that Aspiro

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

AB "regularly does business or solicits business" in California and that Aspiro AB "has purposefully established substantial, systematic, and continuous contacts with [California and should reasonably expect to be haled into court here…" (Complaint ¶6).[3]   Those allegations are the very definition of "'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations" that do "not satisfy a [P]laintiff's pleading burden." Swartz, 476 F.3d at 766 (citations omitted). Moreover, the allegations are simply untrue.  As set forth at paragraphs 3-6 in the Tibon Decl., Aspiro AB has virtually no connection whatsoever to California and certainly does not have the type of "'substantial' or 'continuous and systematic' contacts" with California that could fairly designate the state as Aspiro AB's "home." *Brand*, 796 F.2d at 1073 (citations omitted). Indeed, the Ninth Circuit has held that the alleged operation of a website was insufficient as a matter of law to confer general personal jurisdiction over a defendant. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1226 (9th Cir. 2011).

Thus, Plaintiff has not and cannot adequately plead general personal jurisdiction over Aspiro AB and this Court cannot exercise authority over Aspiro AB on that basis.

### 2.   The Court Does not have specific personal jurisdiction over Aspiro AB.

This Court likewise does not have specific personal jurisdiction over Aspiro AB in this action.  "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quotations omitted). Specifically, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Id*. The "primary concern" is

---

[3] The remainder of Plaintiff's jurisdictional allegations relate specifically to Aspiro AB's alleged wrongful conduct and, therefore, are aimed at establishing specific, rather than general, personal jurisdiction over Aspiro AB.

"the burden on the defendant." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (citations omitted).  Two principles animate the "defendant-focused" inquiry. First, the relationship between the nonresident defendant, the forum, and the litigation "must arise out of contacts that the defendant himself creates with the forum State." *Walden*, 134 S.Ct. at 1122 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Second, the minimum contacts analysis examines "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* (citation omitted).  It follows that "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 1123. These principles apply to cases involving intentional torts. *Id.* "A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Id.* While "a single act can support jurisdiction," the act must first "create[ ] a 'substantial connection' with the forum." *Burger King*, 471 U.S. at 475 n.18 (citations omitted). Put differently, "'some single or occasional acts' related to the forum may not be sufficient to establish jurisdiction if 'their nature and quality and the circumstances of their commission' create only an 'attenuated' affiliation with the forum." *Id.* A defendant's "'random, fortuitous, or attenuated' contacts" will not suffice. *Walden*, 134 S. Ct. at 1123 (quoting *Burger King*, 471 U.S. at 475).

There are three requirements for a court to exercise specific jurisdiction over a nonresident defendant: (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[ ] himself of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger,* 374 F.3d at 802 (citation omitted).

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

### a)     *Aspiro AB has not purposefully directed activities to California.*

Under the first prong of the test, Plaintiff must establish that Aspiro AB "either purposefully availed itself of the privilege of conducting activities in California, or purposefully directed its activities toward California." *Schwarzenegger,* 374 F.3d at 802.[4] "[T]he relationship must arise out of contacts that the defendant *himself* creates with the forum State" itself, and "not the defendant's contacts with persons who reside there," and "the plaintiff cannot be the only link between the defendant and the forum." *Walden,* 134 S. Ct. at 1122 (citations omitted). The requirement of purposeful direction "'ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party of a third person.'" *Unocal,* 248 F.3d at 924 (citation omitted). Courts in the Ninth Circuit analyze purposeful direction under the three-part "effects test" from *Calder v. Jones,* 465 U.S. 783, 787–89, (1984). *See Schwarzenegger,* 374 F.3d at 803. "Under this test, the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1128 (9th Cir. 2010). A foreign act with foreseeable effects in the forum state does not always give rise to specific jurisdiction—there must be "something more." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1087 (9th Cir. 2000) (citation omitted).

Here, Plaintiff alleges that Aspiro AB "has committed acts of patent infringement and contributed to and induced acts of patent infringement by others" in California and "engages in other persistent courses of conduct and derives substantial revenue by its offering of infringing products and services and providing infringing products and services" in California. (Complaint ¶6). However, the only

---

[4] The "purposeful availment" formulation is generally applied in contract actions while the "purposeful direction" formulation is generally applied in tort or tort-like actions such as the present one. *See Schwarzenegger,* 374 F.3d at 802.

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

specific act in which Plaintiff alleges Aspiro AB has engaged is "mak[ing], us[ing], offer[ing] for sale and sell[ing]…its TIDAL music services and products" through the tidal.com website. (Complaint ¶16, Figs. 1-2). While Plaintiff clearly alleges that Aspiro AB "committed an intentional act," Plaintiff notably fails to allege either that Aspiro AB's actions were "expressly aimed" at California or that Aspiro AB knew that harm was likely to be suffered in California as a result of its actions. Moreover, Aspiro AB has submitted evidence that its creation and maintenance of the tidal.com website and the TIDAL music services and produces were not directed at California and that any purchase or use of those services or products in California was merely random and fortuitous. (Decl. ¶6). Thus, Plaintiff has not alleged facts sufficient to support a determination that Aspiro AB has purposefully directed activities to California.

> b) *Plaintiff's claims do not arise from any activity by Aspiro AB in California.*

"The second prong of the specific jurisdiction test is met if 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley Nat'l Bank,* 49 F.3d 555, 561 (9th Cir. 1995) (citation omitted). Here, Aspiro AB's alleged infringement of Plaintiff's alleged patents has nothing to do with Aspiro AB's "activity" in California (which, being limited to the creation and maintenance of the tidal.com website which is incidentally accessible in California, is virtually nonexistent).

> c) *Exercise of jurisdiction over Aspiro AB would be unreasonable.*

Because Plaintiff cannot establish either of the first two prongs of the specific jurisdiction test, the Court need not reach the reasonableness inquiry. *Schwarzenegger,* 374 F.3d at 802. Nevertheless, it is clear in any event that the exercise of jurisdiction over Aspiro AB would be unreasonable. To determine reasonableness, courts examine: (i) the extent of defendant's purposeful interjection

into the chosen forum, (ii) the burden on the defendant to defend the suit in the chosen forum, (iii) the extent of conflict with the sovereignty of the defendant's state, (iv) the forum state's interest in the dispute, (v) the most efficient judicial resolution of the controversy, (vi) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief, and (vii) the existence of an alternate forum. *Fields v. Sedgwick Associated Risks, Ltd.,* 796 F.2d 299, 301 (9th Cir. 1986). Here, all of the factors support the conclusion that exercising jurisdiction over Aspiro AB would be unreasonable.

(1)     Under the first factor, even if there were sufficient "interjection" into the state by Aspiro AB to satisfy the purposeful direction prong—and there is not— "the degree of interjection is a factor to be weighed in assessing overall reasonableness of jurisdiction . . ." *S.H. Silver Co. v. David Morris Int'l*, No. C08-03550 CRB, 2008 U.S. Dist. LEXIS 116989, at *13 (N.D. Cal. Aug. 28, 2008) ((citation & quotations omitted). As discussed above, Aspiro AB's creation and maintenance of tidal.com does not constitute even the slightest degree of "interjection" into California.

(2)     The second factor weighs heavily in favor of a determination that exercising specific personal jurisdiction over Aspiro AB would be unreasonable. "The unique burdens placed upon one who must defend oneself in a foreign legal system"—as would Aspiro AB (a Swedish company) in this case—carry significant weight in assessing reasonableness. *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 114 (1987); *see also Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993) (litigation against an alien requires a higher barrier than against a citizen from a sister state).

(3)     The third factor weighs heavily in the same manner and for the same reasons. "Where, as here, the defendant is from a foreign nation rather than another state, the sovereignty barrier is high and undermines the reasonableness of personal jurisdiction." *Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*, 1 F.3d 848, 852 (9th Cir. 1993) (citation omitted).

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

(4)   The fourth factor also weighs towards unreasonableness because California has little, if any, interest in the outcome of this case. Plaintiff is a Texas company, Aspiro AB is a Swedish company, and the patents at issue have no particular connection to California.

(5)   The fifth factor—which "concerns the efficiency of the forum, particularly where the witnesses and evidence are likely to be located," *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 129 (9th Cir. 1995)—also weighs towards unreasonableness because, again, neither Plaintiff nor Aspiro AB is located in California.  Accordingly, there is no reason to believe that any percipient witnesses or evidence will be located in California (at least not more so than in Texas or Sweden) (citation omitted).[5]

(6)   The sixth factor considers the convenience and effectiveness of relief available to Plaintiff. While it is unclear why Plaintiff chose to commence this action in California, given the nature of the claims at issue—patent infringement, which are determined and remunerated solely according to federal law—California is no more effective a jurisdiction than any other.[6]

(7)   As for the seventh factor, Aspiro AB has not assessed which alternative forum, if any, would be adequate for hearing this case.  Nevertheless, there is no reason that Plaintiff's federal law patent claims cannot be adequately adjudicated in a forum that actually has personal jurisdiction over Aspiro versus California—a state with which Aspiro AB has no connection whatsoever.

---

[5] Even if this factor was neutral it is "no longer weighed heavily given the modern advances in communication and transportation." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998) (citation omitted).

[6] Even if California is more convenient for Plaintiff for some reason, "cases have cast doubt" on this factor's significance, *Caruth*, 59 F.3d at 129, because, for obvious reasons, "trying a case where one lives is almost always a plaintiff's preference." *Roth v. Garcia Marquez*, 942 F.2d 617, 624 (9th Cir. 1991).

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

3.    The Court does not have specific personal jurisdiction over Aspiro AB under FRCP 4(k)(2).

Finally, to the extent that Plaintiff asserts personal jurisdiction over Aspiro AB pursuant to FRCP 4(k)(2), that provision is only available where the defendant is not "subject to the personal jurisdiction of any state court of general jurisdiction." *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007) (citation omitted); see FRCP 4(k)(2)(A). Here, Aspiro AB may be subject to general personal jurisdiction in another forum and, therefore, FRCP 4(k)(2) is unavailable as a basis for personal jurisdiction over Aspiro AB in this action.

In sum, because Aspiro AB: (i) is not engaged in substantial, continuous or systematic contacts with California; (ii) has not purposefully directed its activities at California; (iii) has not engaged in alleged wrongful conduct in California; (iv) could only unreasonably be haled into court in California; and (v) may be subject to general personal jurisdiction in another forum, this Court lacks general, specific, or FRCP 4(k)(2) personal jurisdiction over Aspiro AB and the Complaint should be dismissed pursuant to FRCP 12(b)(2).

## C.    The Complaint fails to state facts sufficient to support a claim for patent infringement.

1.    The Ninth Circuit uses a two-step process to evaluate the Complaint.

Federal Rule of Civil Procedure 8(a)(2) requires litigants to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and the complaint must be so construed as to do substantial justice. Fed. R. Civ. P. 8. The Ninth Circuit has described a "two-step process" it uses to evaluate the substance of pleadings at this stage of a litigation:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

<u>plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation</u>.

*Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)) (underscore supplied); *see also Tilikum ex rel. People for the Ethical Treatment of Animals, Inc. v. Sea World Parks & Entm't, Inc.*, 842 F. Supp. 2d 1259, 1261 (S.D. Cal. 2012) ("Whether the court treats Sea World's motion as one arising under either Rule 12(b)(1) … or Rule 12(b)(6) . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

In assessing a complaint for facial plausibility, only well-pleaded factual allegations are taken as true, but "threadbare recitals of the elements of a cause of action" and "mere conclusory statements" as in the Complaint are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678. The court, certainly, is not required to accept "legal conclusions . . . cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (citations omitted); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. After identifying only the well-pleaded facts, the Court must decide whether these allegations support a claim that is plausible on its face. "A claim has facial plausibility when the pleaded factual content allows the court to draw there a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 679. If the Court's conclusion that the liability is merely possible, but not probable, the complaint is insufficient to put a defendant on fair notice of the claim. *Id.*

In order to survive a motion to dismiss for failure to state a claim for patent infringement, Plaintiff must provide factual allegations allowing the Court to infer that the allegedly infringing product, service, or device "embod[ies] or practice[s] each and every element of any one of the asserted claims." *See TeleSign Corp. v. Twilio, Inc.*, No. CV 16-2106 PSG (Ssx), 2016 U.S. Dist. LEXIS 123516, 2016 WL

4703873, at *3 (C.D. Cal. Aug. 3, 2016) (internal quotations omitted).

The Complaint here should, but fails to, call out which features infringe. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Here, the Complaint alleges virtually nothing about the Accused Services themselves. Aspiro AB was not served with a Complaint that contained the specificity needed to provide sufficient notice, and is left guessing as to what is at issue. The Supreme Court has held that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555.

2.   The Complaint does not state a claim for direct infringement because it fails to articulate why it is plausible that Aspiro AB's products and services infringe the Patents-in-Suit.

The normal *Twombly* and *Iqbal* rules now apply with equal force in the "patent realm." *TeleSign Corp.*, 2016 U.S. Dist. LEXIS 123516, 2016 WL 4703873, at *4 (collecting cases). Under that standard, a complaint may not merely identify allegedly infringing products or services and recite the elements of a patent infringement claim, but must provide factual support. *Apollo Fin., LLC v. Cisco Sys.*, 190 F. Supp. 3d 939 (C.D. Cal. 2016); and *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC (ANx), 2012 U.S. Dist. LEXIS 70614 (C.D. Cal. May 16, 2012).

More specifically, to adequately allege direct infringement, a plaintiff must allege facts sufficient to permit the Court to infer that the accused service infringes each limitation of at least one claim. *See North Star Innovations, Inc. v. Kingston Tech. Co.*, No. SACV 17-01833-DOC (DFMx), 2018 U.S. Dist. LEXIS 106018, at *2-3 (C.D. Cal. May 7, 2018); *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-5790, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016) ("Several courts . . . have required plaintiffs to plausibly allege that the accused product practices each of the limitations found in at least one asserted claim."); *TeleSign*, 2016 U.S. Dist. LEXIS at *3; *FootBalance System Inc. v. Zero Gravity Inside, Inc.*, No. 15-1058, 2016 WL 903681, at *2 (S.D. Cal. Feb. 8, 2016) (Rule 8 "requires more than labels and

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

conclusions, and a formulaic recitation of a cause of action's elements" (citation omitted)).

The Complaint fails to plead specific facts that allege direct infringement: it does not identify the accused product features on which a claim would read. The Complaint merely broadly identifies the Accused Service as Aspiro AB's Tidal music services and products (the "Tidal Services"), and claims that it institutes "trusted transactions between at least two parties, Defendant and customer, who have agreed to transact and allow the customer to access, download, and play music." (Compl. at 7:8 – 8:17 and 10:12-16.) But the Complaint does not state what features or elements of the Tidal Services are described in the claims. Instead, the Complaint includes conclusory allegations, such as

> Defendant has infringed and continues to infringe on one or more claims of the '116 Patent—directly, contributorily, or by inducement— by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products and Services. . . .

(Compl. at 9:16-23; *See also* Compl. ¶ ¶ 51, 77, and 103, and 129, respectively for Counts 2 – 5). The complaint does not allege any facts in general, and specifically it fails to allege any facts demonstrating how, and what aspects of, the Accused Products and Services met each of the claim limitations in the Patents-in-Suit. Consequently, Plaintiff's complaint fails to meet the pleading standard.

In *North Star Innovations, Inc. v. Kingston Tech. Co.*, the United States District Court for the Central District of California dismissed a complaint for patent infringement, like this one, where the allegations consisted of nothing more than a recitation of the claim elements. 2018 U.S. Dist. LEXIS 106018, at *2-3 (C.D. Cal. May 7, 2018). In that case, the plaintiff alleged the language of several apparatus claims of the various patents-in-suit. *Id.* at *5-10. The complaint in *North Star Innovations* further alleged that the accused products infringed the applicable claim by "meet[ing] each and every limitation of" the applicable claim. *Id.* at *6. The court found that the complaint did not satisfy the *Twombly* and *Iqbal* standard,

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

reasoning that allegations consisted of "nothing more than a recitation of the claim elements" and that the complaint did not explain "what the accused product contains to meet these claim limitations…." *Id.* Moreover, the court concluded that there needed "to be some facts alleged that articulate why it is plausible that the other party's product infringes that patent claim—not just the patentee asserting, in a conclusory fashion, that it is so." *Id.* Finally, in dismissing the complaint, in *North Star Innovations*, the court concluded that claims "implicating more complicated technology must be pleaded with greater specificity than more straightforward claims. *Id.* at *6-7 (citing *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (2018)).

The case at bar is identical to the *North Star Innovations* case. As in that case, Plaintiff here has not provided any factual allegations that are not direct recitations of each claim's limitations. In no place does Plaintiff explain what the Accused Products and Services contain that meet the claim limitations. Plaintiff also fails to allege any facts that articulate what it is plausible that Aspiro's products and services infringe Plaintiff's patents claims. What is more, Plaintiff here has not even alleged that the Accused Products and Services meet each and every limitation of the alleged infringed claims. As with *North Star Innovations*, Plaintiff does not allege facts plausibly showing infringement, but only "asserts in conclusory fashion, that it is so." As with *North Star Innovations*, the Complaint is insufficient under *Iqbal* and *Twombly*.

> 3. <u>The Complaint fails to state a plausible claim for indirect infringement, inducement, or contributory infringement.</u>

To plead a claim for indirect infringement, inducement of a patent, or contributory infringement of a patent, a complaint must plead facts sufficient to plausibly support a direct infringement by another, and that the defendant specifically intended another to infringe, and knew that those acts constituted direct infringement, and that the inducing acts were performed with knowledge of the patent. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d

1333, 1339 (Fed. Cir. 2012); *Cannarella v. Volvo Car United States LLC*, No. CV 16-6195-RSWL-JEMx, 2016 U.S. Dist. LEXIS 192449, at *15 (C.D. Cal. Dec. 12, 2016); and *Ziptronix, Inc. v. Omnivision Techs., Inc.*, No. C 10-5525 SBA, 2011 WL 5416187, at *4 (N.D. Cal. Nov. 7, 2011) ("patentee must establish first that there has been direct infringement") (citations omitted).

a)  *The indirect infringement claims do not meet the pleading standard because the Complaint fails to allege a plausible claim of direct infringement.*

Blue Spike's indirect infringement claims are defective for the same reasons applicable to the direct infringement claims: the Complaint fails to plausibly plead a claim of direct infringement and its indirect infringement and willful infringement claims are improperly based solely on Aspiro AB's activities that post-date the filing of the Complaint.

Blue Spike has failed to plausibly plead direct infringement, and therefore its claims of indirect infringement must fail as well. *In re Bill of Lading*, 681 F.3d at 1333 ("There can be no inducement or contributory infringement without an underlying act of direct infringement") (citations omitted); *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014); *Ziptronix, Inc. v. Omnivision Techs., Inc.*, No. C 10-5525 SBA, 2011 WL 5416187, at *4 (N.D. Cal. Nov. 8, 2011); and *Cannarella*, 2016 U.S. Dist. LEXIS 192449, at *15. Thus, the claims for inducement of infringement and contributory infringement should be dismissed.

b)  *The inducement and contributory infringement claims should be dismissed because there are no facts pleaded.*

To properly plead inducement, Plaintiff must allege direct infringement and specific intent to encourage another's infringement. *Weyer v. MySpace, Inc.*, 2010 U.S. Dist. LEXIS 144008 (C.D. Cal. June 17, 2010); *ACCO Brands, Inc. v. ABA Locks Mfr. Co.,* 501 F.3d 1307, 1312 (Fed. Cir. 2007); and *Enlink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.*, No. C 09-03524, 2010 WL 1221861, at *2 (N.D. Cal. Mar. 24, 2010).

Pryor Cashman LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

Contributory infringement arises "if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that material or apparatus is material to practicing the invention, has no substantial non-infringing uses, and is known by the party to be especially made or especially adapted for use in an infringement of such patent." *In re Bill of Lading*, 681 F.3d at 1337 (citing 35 U.S.C. § 271(c))(internal quotations omitted). Although there are many factual components necessary to prevail on a claim of contributory infringement, the Complaint does not mention one of them. The claim of contributory infringement is not supported by any detailed factual recitation.

In order to establish contributory infringement under 35 U.S.C. § 271(c), Plaintiff must allege that the Accused Products or Services are a "material part of the invention" that is the subject of the patents-in-suit. *Cannarella v. Volvo Car United States LLC,* No. CV 16-6195-RSWL-JEMx, 2016 U.S. Dist. LEXIS 192449, at *16-17 (C.D. Cal. 2016); and *Enthone Inc. v. BASF Corp.*, 126 F. Supp. 3d 281, 288 (N.D.N.Y. 2015) (citing *Fujitsu, Ltd. v. Netgear, Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

There are no specific facts in the Complaint regarding either inducement or contributory infringement. No components or functionality of the Accused Products or Accused Services, or how customers are directed to use the Accused Products/Services are in the Complaint. In fact, the only allegation that appears to be a reference to product functionality is an allegation that Aspiro "induces its customers to infringe at the very least by providing information on how to access the Internet via its router system." (Compl. at 12:17-20; 20:9-12, 27:22-25, 35:6-9, and 42:20-23.) But Aspiro does not provide information on how to access the Internet and does not offer a router system. (Decl. ¶10) With respect to the contributory infringement claim, the Complaint provides no identification of the components that is a material part of the invention and no facts tending to support the conclusory allegation that the Accused Products/Services does not have a substantial non-infringing use. *See, e.g., Cannarella*, at *17-18.

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

To properly plead contributory infringement, Plaintiff must also allege knowledge of infringement and a lack of substantial non-infringing uses for the allegedly infringing product or process. *Cannarella*, at \*17-18; *Weyer,* 2010 U.S. Dist. LEXIS 144008; *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1381 (Fed. Cir. 2007); and 35 U.S.C. § 271.

Because there are no plausibly-pleaded facts about the knowledge of Aspiro AB about the patents before the filing of the lawsuit, the charges of inducement to infringe and contributory infringement cannot stand and the Complaint should be dismissed with respect to them. *Blue Spike LLC v. Texas Instruments, Inc.*, Case No. 6:12-cv-499, Dkt. No. 1646 (E.D. Tex. July 22, 2014).

    4.    <u>The willful infringement claims fail because they do not contain</u> <u>sufficient factual matter to state a claim that is plausible on</u> <u>its face.</u>

Thus, to survive the motion to dismiss, claims for willful infringement "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Weyer*, 2010 U.S. Dist. LEXIS 144008, at \*7 (citations omitted). That is, to properly plead willful infringement, Plaintiff must allege that "the infringer was aware of the asserted patent, but nonetheless 'acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.'" *Commer. Copy Innovations, Inc. v. Ricoh Elecs., Inc.*, 2017 U.S. Dist. LEXIS 219052, at \*14 (C.D. Cal. 2017).

Here Plaintiff has not pleaded anything more than the barebones conclusory allegation that Aspiro acted willfully. Moreover, the allegation is even more barebones as it is pleaded solely on information and belief. "In the post-*Twombly* and *Iqbal* era, pleading on information and belief, without more, is insufficient to survive a motion to dismiss for failure to state a claim." *See, e.g., Tarantino v. Gawker Media*, LLC, No. CV 14-603-JFW(FFMx), 2014 U.S. Dist. LEXIS 77726, at \*15 (C.D. Cal. 2014); *Solis v. City of Fresno*, No. 1:11-CV-00053 AWI GSA, 2012 U.S. Dist. LEXIS 33548, at \*22 (E.D. Cal. 2012).

1  **IV.    CONCLUSION**

2         For the reasons set forth herein, Aspiro AB respectfully requests that the Court

3  dismiss this action pursuant to FRCP 12(b)(2), (3), (5), and (6),  and grant Aspiro

4  AB such other and further relief as may be just and proper.

5

6

7

8

9

10                                          **PRYOR CASHMAN LLP**

11

12  Dated: July 30, 2018      By:   */s/ Thomas H. Vidal*

13                                          Thomas H. Vidal
                                            *tvidal@pryorcashman.com*

14                                          Benjamin S. Akley
                                            *bakley@pryorcashman.com*

15

16                                          Jeffrey L. Snow (*pro hac vice application*

17                                          *forthcoming*)
                                            *jsnow@pryorcashman.com*

18                                          Joseph V. Micali (*pro hac vice application*

19                                          *forthcoming*)
                                            *jmicali@pryorcashman.com*

20

21                                          *Attorneys for Defendant*
                                            *Aspiro AB*

22

23

24

25

26

27

28

**Pryor Cashman LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Telephone: (310) 683-6900
Facsimile: (310) 943-3397

---

**Motion to Dismiss Pursuant to FRCP 12(b)**
**Case No. 2:18-cv-05026-JAK (JPR) | 25**